UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STRIKE 3 HOLDINGS, LLC, a
Delaware Limited Liability Company,**

     **Plaintiff,**

**v.**                                                                                    **Case No: 5:26-cv-279-WWB-PRL**

**JOHN DOE, an individual assigned to
IP Address 73.5.208.26,**

     **Defendant.**

_____

**ORDER**

This cause comes before the Court on Defendant's Motion to Quash or Vacate the Subpoena. (Doc. 10). Defendant seeks to quash the subpoena Plaintiff served upon Defendant's internet service provider, Comcast Cable Communications, LLC (the "ISP"), to prevent the release of Defendant's information by the ISP. (*Id*. at p. 2). Plaintiff filed a response in opposition to Defendant's motion. (Doc. 11). Upon due consideration, Defendant's motion is due to be denied.

**I.      BACKGROUND**

On April 15, 2026, Plaintiff initiated this copyright infringement lawsuit against an unnamed John Doe Defendant. (Doc. 1). According to the complaint, Plaintiff owns adult motion pictures that are distributed through certain websites and DVDs. (*See id*. at ¶¶ 2-3). Plaintiff alleges that Defendant illegally downloaded, copied, and distributed 26 copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq*. (*See id*. at ¶¶ 4, 6). Plaintiff further alleges that Defendant's ISP can identify Defendant through their internet protocol (IP) address. (*See id*. at ¶ 5).

On May 7, 2026, Plaintiff filed a Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference on the ISP (Doc. 8), which the Court granted (Doc. 9). In ruling on Plaintiff's motion, the Court found good cause for early discovery because Plaintiff had no other way to discover the infringer's identity to proceed with this litigation. (Doc. 9 at p. 2).

Defendant now files the instant Motion to Quash or Vacate the Subpoena, seeking to quash the subpoena Plaintiff issued to Defendant's ISP. (Doc. 10). Plaintiff responded in opposition to Defendant's motion, contending that there is no basis to quash the subpoena under Rule 45(d)(3). (Doc. 11).

## II.    LEGAL STANDARDS

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013); *see also Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004). Rule 45 sets forth the process by which a party may obtain certain information or documents from a non-party through a subpoena. *See generally* Fed. R. Civ. P. 45. Under Rule 45, the court must quash or modify a subpoena that (1) "fails to allow a reasonable time to comply"; (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or (4) "subjects a person to undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A). In particular, claims of undue burden "should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *See Eastwood Enters., LLC v. Farha*, No. 8:07-cv-1940-T-33AEJ, 2010 WL 11508180, at *4 (M.D. Fla. Apr. 26, 2010) (quoting *Bank of Mongolia v. M&P Global Fin. Servs.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009)). "The party seeking to quash a

subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, No. 8:14-cv-657-T-35AEP, 2014 WL 12621599, at *2 (M.D. Fla. Sept. 15, 2014), *report and recommendation adopted*, 2014 WL 12625762 (M.D. Fla. Oct. 9, 2014) (citations omitted); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-ORL-41TBS, 2017 WL 4342316, at *9 (M.D. Fla. Sept. 29, 2017) (noting that the movant bears the burden of demonstrating that the subpoena subjects the movant to an undue burden) (citations omitted).

## III.    DISCUSSION

Upon review, Defendant has failed to provide an adequate basis to quash the non-party subpoena served upon the ISP. As an initial matter, Defendant is not the recipient of the subpoena. As such, Defendant only has standing to challenge the subpoena if a "personal right or privilege" is at issue. *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted). In this case, the Court granted Plaintiff leave to serve Defendant's ISP with a narrowly tailored subpoena to facilitate the disclosure of subscriber information—specifically, Defendant's name, physical addresses, telephone number, and email address. (*See* Doc. 9 at p. 3).[1] Regardless of Defendant's assertions, an individual has no protected privacy interest in their identifying information when there are allegations of copyright infringement. *See Platinum Props. Inv. Network, Inc. v. Does 1-12*, No. 18-61907-CIV, 2018 WL 7825045, at *3 (S.D. Fla. Nov. 19, 2018) ("[C]ourts . . . make clear that an internet subscriber has no protected privacy interest in his or her identifying

---

[1] Indeed, Plaintiff represents that the subpoena "only seeks [Defendant's] name and address" from the ISP, and contrary to Defendant's assertion, the subpoena "does not seek to 'inspect, measure, survey, photograph, test or sample the property or any designated object or designated object or operation on it.'" (*See* Doc. 11 at p. 3) (quoting Doc. 10 at p. 2).

information when same is sought for purposes of maintaining a[n] [intellectual property] infringement action.") (citation omitted); *see also Malibu Media, LLC v. Doe*, No. 8:14-cv-2351-T-36AEP, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015) (finding that the privacy interest asserted by the alleged downloader was not a sufficient basis to quash a subpoena seeking the alleged copyright infringer's name, address, phone number, and email address). Given that the requested information is limited to identifying the Defendant, the Court finds that the Defendant does not have a protectable privacy interest sufficient to quash the subpoena.

Defendant challenges the non-party subpoena on the basis that it imposes an undue burden. (*See* Doc. 10 at p. 2). Defendant's argument is unavailing because Defendant lacks standing to assert that the subpoena imposes an undue burden upon the ISP. The "undue burden" contemplated by Rule 45 is the burden borne by the third-party to whom the subpoena is directed. *See Liberty Media Holdings v. Does, 1-62*, No. 11-cv-575-MMA (NLS), 2012 WL 628309, at *2 (S.D. Cal. Feb. 24, 2012) (holding that in evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the party subject to the subpoena by the discovery request"). "Defendants do not have standing to quash the subpoena[] on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." *See Auto-Owners Ins. Co.*, 231 F.R.D. at 429 (citation omitted).

In this matter, the burden of complying with the subpoena is on the third party—i.e., the ISP, not the Defendant. To date, the ISP has not challenged the subpoena on the grounds that it is unduly burdensome, and Defendant is not under any obligation to produce any information or documents to Plaintiff stemming from the subpoena served on the ISP. Moreover, Plaintiff has not yet sought to publicly identify Defendant in this case, and

therefore, any arguments regarding the public disclosure of identifying information are premature. In any event, notwithstanding Defendant's lack of standing to quash the non-party subpoena, Defendant fails to demonstrate that the disclosure of their identifying information to Plaintiff will subject them to an undue burden.

Defendant further states that the Motion to Quash or Vacate the Subpoena was filed to protect their anonymity from the Plaintiff and denies any knowledge of the alleged infringement, asserting that no copyrighted material was downloaded. (*See* Doc. 10 at p. 2). For starters, "general denials of liability are not a basis to quash a subpoena" that "would prevent the plaintiff from obtaining the putative [defendant's] identifying information." *See Malibu Media, LLC v. Does*, No. 2:12-cv-177-FTM-29SPC, 2012 WL 12921321, at *1 (M.D. Fla. June 6, 2012) (citing *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011)); *see also Dish Network L.L.C. v. Fraifer*, 171 F.4th 1344, 1355 (11th Cir. 2026) (stating that "[c]opyright infringement is a strict liability offense," and therefore, a plaintiff "need not 'prove unlawful intent or culpability'") (quoting *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 89 (2d Cir. 2016)). Furthermore, to the extent Defendant argues that he or she has a First Amendment privacy interest in avoiding disclosure of their identifying information, this argument is also unpersuasive. Defendant's asserted First Amendment right to anonymity in this context does not shield him or her from allegations of copyright infringement. *See, e.g.*, *AF Holdings, LLC v. Does 1-162*, No. 11-23036-CIV, 2012 WL 488217, at *3 (S.D. Fla. Feb. 14, 2012) (noting that the privacy or free speech interests of Doe defendant are "minimal in cases of this kind" because "individuals who use the Internet to download or distribute copyrighted works are engaged in only a limited exercise of speech and the First Amendment does not necessarily protect such persons' identities from

disclosure") (citations omitted); *London v. Does 1-4*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming finding that a subpoena did not violate the First Amendment and was "not unduly intrusive or burdensome because it s[ought] to gather only identifying information for the accounts, such as the names and addresses of the users, and not the content of any communication") (citation omitted); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118, 124 (2d Cir. 2010) (explaining that "to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment" and indicating that the court "regard Doe 3's expectation of privacy for sharing copyrighted music through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 349 (D.D.C. 2011) (stating that "[c]opyright infringement is not protected by the First Amendment" and holding that an "[internet] file-sharer's First Amendment right to anonymity is exceedingly small" and the owner's need for information subpoenaed outweighed defendants' minimal First Amendment rights to anonymous speech). All told, Defendant provides no legal authority to quash the already-issued third-party subpoena.

In sum, the Court finds no valid basis to quash the subpoena issued to Defendant's ISP, and therefore, Defendant's motion is denied.

## IV.   CONCLUSION

Accordingly, upon due consideration, Defendant's Motion to Quash or Vacate the Subpoena (Doc. 10) is **DENIED**.

- 7 -

**DONE** and **ORDERED** in Ocala, Florida on May 29, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties